IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFREDO SALINAS | § | |
| | § | |
| v. | § | C.A. NO. C-10-031 |
| | § | |
| FEDERAL BUREAU OF PRISONS, ET AL. | § | |

### **OPINION GRANTING IN PART RESPONDENT'S MOTION TO DISMISS**

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. (D.E. 1, at 1-2). On January 27, 2010, he filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the length of time he is scheduled to serve in a Residential Re-entry Center ("RRC"), which was determined by the Federal Bureau of Prisons ("BOP"). Id.

Pending is Respondent's motion to dismiss, which claims Petitioner failed to exhaust administrative remedies and attacks the merits of his claims. (D.E. 19). Petitioner has not filed a response.[1] For the reasons stated herein, Respondent's motion is hereby GRANTED in part and DENIED in part.

### **I. JURISDICTION**

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Petitioner is incarcerated in Live Oak County, Texas, and jurisdiction is therefore proper in this Court. 28 U.S.C. § 124(b)(6). After consent by the parties, (D.E. 15, 16), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 17); see also 28 U.S.C. § 636(c).

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

## II.  BACKGROUND

Petitioner was convicted in United States District Court for the District of Massachusetts on February 26, 2008 for conspiracy to distribute cocaine, distribution of cocaine, and aiding and abetting.  (D.E. 1, at 2-3).  He was sentenced to sixty-three months of imprisonment and three years of supervised release.  Id. at 3.  On May 16, 2008, he was placed at the Federal Correctional Institution in La Tuna, Texas, where he claims he was assigned a placement to be served in an RRC from September 6, 2010 until his projected release on March 10, 2011.  Id.

On May 19, 2009, Petitioner was transferred to FCI Three Rivers.  Id.  He was verbally informed on December 8, 2009 that his placement in the RRC would be shortened to a period ranging from sixty to ninety days.  Id. at 4.  When speaking with his camp administrator on December 23, 2009 about the change in length of the placement, he was instructed to file a Form BP-9 complaint about the change to the warden.  Id.  However, he never filed the BP-9 because he claims the camp administrator also explained that it "would not make a difference because he would be the one to receive and respond to it."  Id.

## III.  DISCUSSION

Petitioner claims that the decision by BOP to place him in an RRC for sixty to ninety days instead of the originally scheduled time period is contrary to the mandate of the Second Chance Act of 2007.  (D.E. 1, at 1-2).  Respondent seeks dismissal of the petition on the grounds that Petitioner's claim is unexhausted and without merit.  (D.E. 19).

### A.    Petitioner Failed To Exhaust His Administrative Remedies.

The Fifth Circuit has held that before a federal prisoner may file a § 2241 petition for habeas corpus, he "must first exhaust his administrative remedies through the [BOP]."  Rourke v.

Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citing United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).  Failure to exhaust those remedies properly can lead to dismissal of a § 2241 petition.  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam).

Courts may excuse the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action."  Id. (citation omitted).  A petitioner must demonstrate "extraordinary circumstances that would warrant a waiver of the exhaustion requirement."  Mayberry v. Pettiford, 74 F. App'x 299, 299 (5th Cir. 2003) (per curiam) (unpublished) (citing Fuller, 11 F.3d at 62).  The Fifth Circuit has explained that statements by prison officials regarding the availability of administrative remedies may make them unavailable for purposes of excusing exhaustion.  Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010).

The BOP uses a three-level administrative remedy process by which prisoners can seek review of any aspect of incarceration.  See 28 C.F.R. § 542.10 et seq.; see also Shah v. Quinlin, 901 F.2d 1241, 1243 (5th Cir. 1990) (discussing BOP administrative remedy procedures).  First, the inmate must present the complaint informally on a Form BP-8 to a staff member at the facility where he is housed.  See 28 C.F.R. § 542.14.  If the dispute cannot be resolved informally, the prisoner may initiate the formal three-tiered administrative process by filing a Form BP-9 complaint with the warden within twenty days of the incident.  28 C.F.R. § 542.14.  If unsatisfied with the warden's response, he has twenty days to file an appeal with the regional director on a Form BP-10.  28 C.F.R. § 542.15(a).  If he is unsatisfied with the regional director's decision, he may file an appeal on a Form BP-11 to the General Counsel within thirty

days.  Id.  Appeal to the General Counsel is the final administrative appeal.  Id.  These deadlines may be extended when the inmate demonstrates a valid reason for delay.  Id.

Petitioner admits that he did not exhaust administrative remedies, but claims that the exhaustion requirement should be excused in his situation.  (D.E. 1, at 5).  He argues that the administrative process would have been futile because BOP applies an "inflexible and capricious policy concerning inmate RRC placement," and that his individual situation would have been denied because of that policy.  Id. at 6.  Importantly, Petitioner attacks the futility of BOP's alleged placement policy, and not the administrative remedy process.  Indeed, he admits that the administrative remedy process was available to him, and that he could have filed a Form BP-9 complaint.  Whether BOP has such a policy, or his complaint would have been denied, those possibilities would not prove the administrative system – an entirely different mechanism from this alleged policy – futile or unavailable.

Additionally, the remark made by the camp administrator that Petitioner's Form BP-9 complaint "would not make a difference because he would be the one to receive and respond to it," (D.E. 1, at 4), does not qualify as a statement contemplated by the Dillon Court that would render remedies unavailable and excuse exhaustion.  In Dillon, the relevant statements made by prison officials potentially obfuscated whether a certain remedy was available in the plaintiffs' minds.  596 F.3d at 268-69 (collecting cases).  The decision focused on whether the prisoner actually knew of, or could discover, the administrative remedies.  Here, not only did the administrator instruct Petitioner to file a Form BP-9 complaint, thus informing him of the correct administrative route to take, but Petitioner also admits that he knew of this option, even if he was promised an undesirable outcome.  Moreover, the warden as opposed to the camp administrator

is the individual who reviews the Form BP-9 complaint, and if Petitioner were dissatisfied with the outcome, he would have had two levels of appeal.

Accordingly, Respondent's motion to dismiss Petitioner's claim for failure to exhaust administrative remedies is granted.

**B.     Dismissal Upon The Merits Is Inappropriate.**

Respondent argues that Petitioner's claim should be dismissed on its merits. (D.E. 19, at 7-9). The Fifth Circuit explained that "[a] motion to dismiss for failure to state a claim is an inappropriate practice in habeas." Miramontes v. Driver, 243 F. App'x 855, 856 (5th Cir. 2007) (per curiam) (unpublished) (citing Browder v. Director, Dep't of Corr. of Ill., 434 U.S. 257, 269 n.14 (1978)); accord Rasmussen v. Joslin, No. C-07-355, 2008 WL 2329105, at *1 n.1 (S.D. Tex. June 4, 2008) (unpublished) (discussing Miramontes).

Accordingly, Respondent's motion to dismiss Petitioner's claim based on the merits is denied without prejudice.

## IV.  RECOMMENDATION

Based on the foregoing, Respondent's motion to dismiss, (D.E. 19), is granted in part, and denied in part. Accordingly, the petition is dismissed without prejudice.

ORDERED this 30th day of June 2010.

 _____
 BRIAN L. OWSLEY
 UNITED STATES MAGISTRATE JUDGE